FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

05 JAN -7 AM 9:33

CLERK-ALBUQUERQUE

**RAYMUNDO C. GARCIA,**

Plaintiff,

vs.                                                                                     **CIVIL NO. 04-579 MCA/DJS**

**LOS LUNAS POLICE DEPT., SGT. JOSHUA PEREA,
DET. DAVID BACA, JAMES HARRIS, MARK
GARCIA, THIRTEENTH JUDICIAL DISTRICT
ATTORNEY, STEVEN SCOTT, RON LOPEZ, and
BERTRAND PARNALL,**

Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This matter is a *pro se*, *in forma pauperis* civil rights action brought by a prisoner pursuant to 42 U.S.C. §1983. As the basis for this action, Plaintiff alleges that he was subjected to false arrest, false imprisonment, and malicious prosecution. In his complaint, Plaintiff characterizes his claim as falling "under the Tort Claim Act Am. Jur 2d A.L.R. and C.J.S." Complaint, p. 10. Plaintiff filed his complaint in the First Judicial District Court of New Mexico, but Defendants Thirteenth Judicial District Attorney, Steven Scott, Ron P. Lopez, and Bertrand Parnall removed the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

action to federal court on the basis that the complaint cites violations of Plaintiff's due process rights and of the Constitution. At the same time as the removal, Defendants Thirteenth Judicial District Attorney, Steven Scott, Ron P. Lopez, and Bertrand Parnall filed a motion to dismiss, arguing that they are entitled to prosecutorial immunity and to immunity under the New Mexico Tort Claims Act.

2. In his complaint, Plaintiff asserts that Defendants Perea, Garcia, and Harris arrested him on the basis of a bench warrant which had previously been lifted. Plaintiff also asserts that the officers obtained "no knock" search warrants for the vehicle when no exigent circumstances existed. Plaintiff contends that his arrest was not supported by probable cause and that the search of the vehicle he was driving and subsequent seizure of evidence was improper. The bench warrant against Plaintiff was invalid because it was issued on the basis of his failure to appear for an arraignment on July 11, 2001. However, Plaintiff had signed and filed, through counsel, a waiver of arraignment and entry of a plea of not guilty prior to the arraignment. As a consequence, on July 27, 2001, fifteen days after the entry of the bench warrant, an order to lift the warrant was filed in the Thirteenth Judicial District of New Mexico. Sixteen days after that, on August 12, 2001, Plaintiff was arrested by Officers James Harris, Mark Garcia, and Joshua Perea on the basis of the bench warrant. Officers Perea and Harris appear in this action as Defendants. David Baca was dismissed without prejudice. Order filed October 8, 2004 (Docket No. 9). The vehicle Plaintiff was driving was towed from the scene and searched. A search warrant for the vehicle was issued by the magistrate court for Valencia County, New Mexico. Complaint, Exhibit F. Plaintiff was subsequently indicted following for being a felon in possession of a firearm, for possession of a controlled substance (felony narcotics), for possession of drug paraphernalia, and for concealing identity. Complaint, Exhibit I. Following the grant of Plaintiff's motion to suppress, those charges against him were dismissed due to the state's

2

lack of evidence against him. Answer, Exhibit J.

3. A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard that formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The Haines rule means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Under those standards, Plaintiff's complaint may generously be read to allege violations of his constitutional rights by virtue of one mention of "constitutional violations" and a reference to the bench warrant being issued without due process of law.[2] Complaint, p. 4.

4. In their answer to the complaint (Docket No. 3), Defendants Harris and Perea assert that they are entitled to qualified immunity and deny wrongdoing. Those defendants assert that they were unaware that the bench warrant had been quashed, an assertion which Plaintiff does not contravene. See United States v. McKneely, 6 F.3d 1447, 1454 (10th Cir.1993) (There is an evidentiary presumption that an officer who acts in reliance upon a warrant is acting in good faith). Defendant Perea's involvement in the arrest appears to be limited to attending the scene of the arrest and providing a positive identification of Plaintiff after he had provided the other officers with a false identity. Given Defendant Harris' knowledge of the warrant and Defendant Perea's limited involvement in the events leading to Plaintiff's arrest, Plaintiff fails to state a claim against them for

---

[2]Plaintiff does not explain what process he feels he was due prior to the issuance of the bench warrant. Although the warrant was issued in error, he was not entitled to a hearing prior to the issuance of it.

3

federal Constitutional violations. Negligent or innocent mistakes by police officers do not violate the Fourth Amendment. See Franks v. Delaware, 438 U.S. 154, 171 (1978); see also Maryland v. Garrison, 480 U.S. 79, 87 (1987) (recognizing the "need to allow some latitude for honest mistakes that are made by officers in the dangerous and difficult process of making arrests and executing search warrants"). Plaintiff asserts that he was maliciously charged with crimes following an illegal search of the vehicle. However, the characterization of his prosecution for possession of a firearm, narcotics, and drug paraphernalia as "malicious" is unsupportable. The admissibility of the evidence leading to those charges had not been ruled upon at the time the officers submitted the complaint. The suppression of the evidence did not take place until some months later. Further, Plaintiff has not shown that Defendants Perea or Harris charged him with the knowledge that the basis for those charges was false as drugs and a gun were found within Plaintiff's vehicle. Accordingly, any federal claims against Defendants Harris and Perea based upon the facts related in the complaint should be dismissed.

5. As noted previously, Defendants Thirteenth Judicial District Attorney, Steven Scott, Ron P. Lopez, and Bertrand Parnall moved to dismiss the complaint against them on the grounds that they are entitled to prosecutorial immunity and immunity pursuant to the New Mexico Tort Claims Act. With regard to Plaintiff's constitutional claims, these Defendants are entitled to prosecutorial immunity. Prosecutors are immune from any civil suit based on their performance of functions "intimately associated with the judicial phase of the criminal process." See Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir.1994). Plaintiff asserts that Defendant Parnall appeared for the state at the preliminary hearing held following his indictment on charges stemming from the search of the vehicle he was driving following his arrest. Complaint, p. 8. He asserts that Defendant Lopez

4

presented the criminal complaint detailing those charges to the grand jury which returned the indictment. Complaint, p. 6. Plaintiff contends that Defendant Scott signed the waiver of arraignment form. All of the actions described by Plaintiff on the part of the prosecutors are the sorts of actions which are "intimately associated with the judicial phase of the criminal process." See Id.. As such, these Defendants' motion to dismiss should be granted with regard to any federal Constitutional claims asserted against them.

6. When federal claims are eliminated from a complaint, as they have been in this instance, a federal court may decline the exercise of further jurisdiction by dismissing the complaint without prejudice. United Mine Workers v. Gibbs, 383 U. S. 715, 726-727 (1966); Under Gibbs, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. Id., at 726-727. In this case, although substantial time has passed while this case has been in federal court, the case is in a very early stage, with one set of Defendants having filed only an answer and another set filing a notice of removal and motion to dismiss. Further, the removal of the case is based upon one general reference to Constitutional violations in the complaint. Accordingly, dismissal without prejudice of Plaintiff's state law claims is appropriate.

**RECOMMENDED DISPOSITION**

That Plaintiff's federal constitutional claims against Defendants Harris and Perea be

5

dismissed with prejudice, Plaintiff's federal constitutional claims against Defendants Thirteenth Judicial District Attorney, Steven Scott, Ron P. Lopez, and Bertrand Parnall be dismissed with prejudice and that all other claims in the complaint be dismissed without prejudice.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE